UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

---

**Kevin Cavey,**
individually and on behalf of all others similarly situated,

          Plaintiff,

v.

**Marketpro Homebuyers LLC,**

          Defendant.

Civ. No. 1:21-cv-119

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

---

By and through the undersigned counsel, Plaintiff Kevin Cavey files this Class Action Complaint against Defendant Marketpro Homebuyers LLC (Marketpro). On his personal knowledge, and on investigation and the information and belief of his counsel, Plaintiff avers the following:

**INTRODUCTION**

1. Plaintiff Kevin Cavey asserts class action claims under the Telephone Consumer Protection Act (TCPA) and the Virginia Telephone Privacy Protection Act (VTPPA) on behalf of individuals who received unsolicited text messages from Marketpro.

2. The purpose of the TCPA and related laws is to prevent companies from shifting their marketing costs to telephone subscribers by forcing them to accept unwanted and unsolicited advertising. *See, e.g., Krakauer v. Dish Network*, 925 F.3d 643, 663 (4th Cir. 2019) ("The TCPA was enacted to solve a problem. Simply put, people felt almost helpless in the face of repeated and unwanted telemarketing calls.").

3. Marketpro brokers real estate transactions between property owners (typically owners of property that is distressed or in need of renovations) and prospective investors.

4. To identify prospective sellers, Marketpro tracks real property transactions and realty websites. Marketpro maintains information about prospective sellers in databases that are subject to its direction and control.

5. Marketpro sends text messages to telephone subscribers who specifically express their unwillingness to receive unsolicited text messages through the national Do Not Call Registry maintained by the Federal Communications Commission (FCC).

6. In the text messages, the sender claims to be with "MarketPro Homebuyers" but is not identified by first or last name. The sender uses one or more telephone numbers that are closely related to or affiliated with telephone numbers used or maintained by Marketpro in and around its headquarters in Rockville, Maryland.

7. Marketpro violated the TCPA by using an automatic telephone dialing system to send text messages to mobile telephone subscribers without any prior commercial relationship or their express written consent.

8. Marketpro violated the VTPPA by sending telephone solicitation calls to Virginia residents who are members of the Do Not Call Registry and by sending text messages without identifying the sender by first and last name.

9. Plaintiff Kevin Cavey is among those who received unsolicited text messages from Marketpro. He brings this action individually, and on behalf of all those similarly situated, to seek redress for Marketpro's wrongful conduct.

## PARTIES

10. Plaintiff Kevin Cavey is a natural person residing in Reston, Virginia.

11. Defendant Marketpro Homebuyers LLC is a Maryland limited liability company with its principal place of business located at 15245 Shady Grove Road, Suite 210 in Rockville, Maryland.

## JURISDICTION AND VENUE

12. Marketpro conducts substantial business in this District, including but not limited to the brokering of real estate transactions between property owners and prospective investors. Marketpro intentionally directed unsolicited text messages to persons in this District.

13. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because the TCPA claim arises under the laws of the United States. To the extent Plaintiff brings claims under Virginia law, jurisdiction is proper in this court under 28 U.S.C. § 1367(a) because the Virginia-law claims are so related to the claims that confer original jurisdiction that they form part of the same case or controversy.

14. In addition or in the alternative, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2). For purposes of determining diversity jurisdiction under this law, Marketpro is deemed a citizen of Maryland; all class members are citizens of Virginia; and the amount in controversy exceeds $5 million.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in this District.

## FACTUAL ALLEGATIONS

16. In or around August 2020, Marketpro or a person acting at its direction or control sent the following generic text messages to mobile telephone subscribers:

> Are you interested in selling your property? If not, reply STOP.
>
> * * *
>
> I'm with MarketPro Homebuyers. You may have received our letter, or seen us on TV. Are you considering selling your home?

17. In and around September 2020, via the telephone number 301-368-****, Marketpro or a person acting at its direction or control sent the following generic text message to mobile telephone subscribers:

> Hi. I am with MarketPro Homebuyers, I am a local buyer in DC, VA, MD. I'd like to speak with you about buying [property address] for cash if you might be interested in selling? Reply STOP for opt-out.

The sender's telephone number is associated with the area code for Rockville, Maryland, where Marketpro maintains its headquarters. The next three digits of the sender's telephone number, 368, are associated with at least three other telephone numbers that are or have been used by Marketpro.

18. The generic reference to "DC, VA, MD" indicates that the text message was indiscriminately sent to property owners, or suspected property owners, in Virginia and other states.

19. In multiple statements by Marketpro to the Better Business Bureau, Marketpro reported that it maintains a database of prospective sellers and targets them for solicitations. To the extent Marketpro inserts property addresses into text messages, these addresses appear to have been exported or populated using a database or similar automated application.

20. In and around October 2020, Marketpro or a person acting at its direction or control sent the following generic text message to mobile telephone subscribers:

> Good morning! This is Ray with MarketPro Homebuyers. A local investor based in Rockville. I'm reaching out to talk about [property address]. Are you interested in selling your property? Reply STOP for opt-out.

21. Marketpro's text messages have several elements indicating the use of an automatic telephone dialing system.

    a. The text messages are generic, and with the exception of the address of real property, they have no personalized information about the recipient.

    b. The generic reference to "DC, VA, MD" indicates that the text message was indiscriminately sent to property owners, or suspected property owners, in multiple states and the District of Columbia.

    c. The procedure for "STOP" indicates an automated text messaging system that processes replies without human involvement.

22. Several persons have complained to the Better Business Bureau about Marketpro spamming them with unwelcome and unsolicited telephone calls. Others have posted complaints on the Yelp website about Marketpro sending unwelcome, harassing text messages.

23. Through the Do Not Call Registry maintained by the FCC, consumers may register their telephone numbers and express their unwillingness to receive unsolicited text messages.

24. Plaintiff Kevin Cavey subscribes to a wireless cellular telephone service and his telephone number is \*\*\*-\*\*\*-9273. Plaintiff registered this number with the Do Not Call Registry in July 2003.

25. In late September 2020, via the telephone number 301-368-\*\*\*\*, Marketpro or a person acting at its direction or control sent the following generic text message to Plaintiff:

> Hi. I am with MarketPro Homebuyers, I am a local buyer in DC, VA, MD. I'd like to speak with you about buying [property address] for cash if you might be interested in selling? Reply STOP for opt-out.

26. Plaintiff had no prior relationship with Marketpro. He has never given Marketpro permission or consent to send him text messages for any reason.

27. By sending unwanted text message solicitations to Plaintiff and others, Marketpro intrudes on their privacy and interferes with the regular use and enjoyment of their telephones.

## CLASS ACTION ALLEGATIONS

28. This action is brought and properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes (the Classes):

> **National Robodialing Class:** All persons residing in the United States who, in the period from four years prior to commencement of this litigation until this class is certified, who received one or more text messages on their cellular telephone from Marketpro through an automated texting application.
>
> **Virginia Robodialing Class:** All persons residing in Virginia who, in the period from four years prior to commencement of this litigation until this class is certified, who received one or more text messages on their cellular telephone from Marketpro through an automated texting application.
>
> **Virginia Do Not Call Registry Class:** All natural persons residing in Virginia and all natural persons with cellular telephones with a Virginia area code, in the period from two years prior to commencement of this litigation until this class is certified, who (1) had a registered number on the Do Not Call Registry; and (2) 31 days after the number was registered, received one or more text-message solicitations from Marketpro.
>
> **Virginia Unidentified Sender Class:** All natural persons residing in Virginia and all natural persons with cellular telephones with a Virginia area code, in the period from two years prior to commencement of this litigation until this class is certified, who (1) received one or more text-message solicitations from Marketpro; and (2) the sender of the text did not identify themselves by first and last name.

Plaintiff reserves the right to redefine the Classes as necessary to reflect the facts as developed in further litigation and discovery.

29. Each Class is so numerous that joinder of individual plaintiffs is not practical. The actual number of members in each Class is not precisely known, but each class is likely to number in the hundreds or thousands. Marketpro is likely to have or control information making it feasible to determine how many members are in each Class.

30. This litigation presents number questions of law and fact that are common to both Plaintiff and the members of each Class, and these questions predominate over any questions that may affect individual class members. These questions include but are not limited to the following:

    a. Whether Marketpro, or persons acting on its behalf, sent text messages using an automatic telephone dialing system.

    b. Whether Marketpro obtained written consent from recipients before sending them text messages.

    c. Whether Marketpro, or persons acting for its benefit, sent text messages to persons who had previously registered their numbers on the National Do Not Call Registry.

    d. Whether Marketpro, or persons acting for its benefit, sent text messages for the purpose of advertising any property, goods, or services.

    e. Whether Marketpro, or persons acting for its benefit, sent text messages without the senders identifying themselves by first and last name.

    f. Whether Marketpro committed willful or knowing violations of the TCPA such that Plaintiff and Class members qualify for treble damages.

    g. Whether Marketpro committed willful violations of the VTPPA such that Plaintiff and Class members qualify for special damages.

31. Plaintiff's claims are typical of all Class members. When Marketpro engaged in wrongdoing against Class members, that common course of misconduct resulted in substantially similar harms to both Plaintiff and Class members.

   a. Like all members of the National and Virginia Robodialing Classes, Plaintiff received texts from Marketpro, through an automated texting application, and Plaintiff had not provided prior express consent to the texts.

   b. Like all members of the Virginia Do Not Call Registry Class, Plaintiff is a natural person residing in Virginia, and a person with telephone assigned a Virginia area code, who had a registered number on the Do Not Call Registry and received one or more text-message solicitations from Marketpro.

   c. Like all members of the Virginia Unidentified Sender Class, Plaintiff is a natural person residing in Virginia, and a person with telephone assigned a Virginia area code, who received one or more text-message solicitations from Marketpro, where the sender did not identify themselves by first and last name.

32. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff retained experienced counsel with the necessary expertise and resources to prosecute class action litigation. Plaintiff and his counsel do not anticipate circumstances where Plaintiff's interests would be adverse to those of Class members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The value of Class members' claims is low enough that it is not economical for Class members to individually litigate their claims. And if Class members proceed

individually, their claims could result in inconsistent judgments that prejudice the rights of other Class members. Plaintiff also has standing to defend the rights and interests of Virginia residents under Virginia law.

34. Marketpro has acted on grounds that generally apply to the Classes such that final injunctive relief is appropriate. Such grounds include injunctive relief to prevent Marketpro from texting persons whose numbers are registered on the Do Not Call Registry and to forbid Marketpro from sending text messages without its solicitors identifying themselves by first and last name.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### Calls Using Automatic Telephone Dialing Systems
### (Individually and on Behalf of the National and Virginia Robodialing Classes)

35. Plaintiff incorporates by reference the allegations in the prior paragraphs of this Complaint.

36. The TCPA states that it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone." 47 U.S.C. § 277(b)(1)(A)(iii).

37. Text messages constitute telephone calls for purposes of the TCPA. *See, e.g.,* Federal Communications Commission, Public Notice, *Text Message Senders Must Comply with the Telephone Consumer Protection Act*, DA 16-1299 (Nov. 18, 2016); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

38. Marketpro sent text messages to Plaintiff's and Class members' cellular telephones. The text messages were not for emergency purposes, and Marketpro did not procure prior express written consent. *See* 27 C.F.R. § 64.1200(f)(8).

9

39. As indicated by the generic content of text messages, the insertion of data through databases or other automated systems, and the presence of automated opt-out features (by texting "STOP" in reply), Marketpro used an automatic telephone dialing system to text Plaintiff and Class members. *See* 47 U.S.C. § 227(a)(1); *In re Rules & Regulations Implementing the Telephone Consumer Protection Act*, 23 F.C.C.R. 559, 566 (2008).

40. Marketpro violated the TCPA by using an automatic telephone dialing system to send texts to Plaintiff and other Class members without their prior written consent.

41. A person aggrieved by violations of the TCPA may bring action against the violator for $500 in statutory damages. If the violations of the TCPA are willful or knowing, the damages may be trebled. 47 U.S.C. § 227(b)(3)(C).

42. Because Marketpro ignored repeated complaints about unsolicited and harassing text messages, Marketpro's violations of the TCPA were willful.

43. Plaintiff and the Classes demand judgment against Marketpro for statutory damages, treble damages, attorney fees and costs, and any other relief provided by law.

## SECOND CAUSE OF ACTION
**Violation of the Virginia Telephone Privacy Protection Act
Calls to Members of the Do Not Call Registry
(Individually and on Behalf of the Virginia Do Not Call Registry Class)**

44. Plaintiff incorporates by reference the allegations in the prior paragraphs of this Complaint.

45. The VTPPA states, "No telephone solicitor shall initiate, or cause to be initiated, a telephone call to a telephone number on the National Do Not Call Registry …." Va. Stat. Ann. § 59.1-514(B).

46. For purposes of the Do Not Call Registry and the VTPPA, "telephone calls" include text messages. *See* Va. Stat. Ann. § 59.1-510; Federal Communications Commission, Public

Notice, *Text Message Senders Must Comply with the Telephone Consumer Protection Act*, DA 16-1299 (Nov. 18, 2016); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

47. The VTPPA defines "telephone solicitor" to mean "any person who makes or initiates, or causes another person to make or initiate, a telephone solicitation call on its own behalf or for its own benefit or on behalf of or for the benefit of a seller." Va. Stat. Ann. § 59.1-510.

48. The VTPPA defines "telephone solicitation call" to include "any text message, sent to any wireless telephone with a Virginia area code or to a wireless telephone registered to any natural person who is a resident of the Commonwealth, for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment, [etc.]" Va. Stat. Ann. § 59.1-510.

49. Under the VTPPA, it is presumed that a telephone solicitation call advertising a seller's property, goods, or services was made for the benefit of the seller and that the seller bears joint and several liability for VTPPA violations arising out of the call. The seller is presumed to be liable whether or not the solicitor was an agent of the seller, and whether or not the solicitor acted under the supervision or at the direction of the seller. Va. Stat. Ann. § 59.1-514.1.

50. Marketpro or telephone solicitors acting for its benefit initiated a call to Plaintiff and other Class members by sending text messages to their wireless cellular telephones.

51. The text messages were sent for the purpose of offering or advertising Marketpro's services for sale or investment, including but not limited to services relating to Marketpro's business of brokering real estate transactions between property owners and prospective investors. The text messages were made for Marketpro's benefit as the seller of such services.

52. Marketpro bears joint and several liability for the text messages without regard for whether the sender was an agent of Marketpro or for whether the sender acted at the supervision or direction of Marketpro.

53. Plaintiff and Class members have registered their cellular wireless telephone numbers to the Do Not Call Registry.

54. Marketpro, as a telephone solicitor itself or through telephone solicitors sending text messages for its benefit, violated the VTPPA by sending telephone solicitation calls to Plaintiff and other Class members via their registered numbers on the Do Not Call Registry.

55. A natural person aggrieved by violations of the VTPPA may bring action against the violator for $500 in statutory damages for the first violation, $1,000 in statutory damages for the second violation, and $5,000 for each subsequent violation, plus reasonable attorney fees and costs. If violations of the VTPPA are willful, the damages for first and second violations may be increased to $5,000. Vt. Stat. Ann. § 59.1-515.

56. Because Marketpro ignored repeated complaints about unsolicited and harassing text messages, Marketpro's violations of the VTPPA were willful.

57. Plaintiff and the Class demand judgment against Marketpro for statutory damages, special damages, attorney fees and costs, and any other relief provided by law.

### THIRD CAUSE OF ACTION
**Violation of the Virginia Telephone Privacy Protection Act**
**Failure of Telephone Solicitors to Identify**
**(Individually and on behalf of the Virginia Unidentified Sender Class)**

58. Plaintiff incorporates by reference the allegations in the prior paragraphs of this Complaint.

59. The VTPPA states, "A telephone solicitor who makes a telephone solicitation call shall identify himself by his first and last names and the name of the person on whose behalf the

telephone solicitation call is being made promptly upon making contact with the called person." Va. Stat. Ann. § 59.1-512.

60. Marketpro or telephone solicitors acting for its benefit made a call to Plaintiff and other Class members by sending text messages to their wireless cellular telephones.

61. The text messages were sent for the purpose of offering or advertising Marketpro's services, and because the text messages were made for Marketpro's benefit as the seller of such services, they constituted telephone solicitation calls under the VTPPA.

62. When Marketpro or telephone solicitors acting for its benefit sent text messages to Plaintiff and other Class members, the texts failed to identify the senders by their first and last names.

63. Marketpro, as a telephone solicitor itself or jointly and severally through telephone solicitors acting for its benefit, is liable for telephone solicitation calls that violate the VTPPA.

64. Because Marketpro ignored repeated complaints about unsolicited and harassing text messages, Marketpro's violations of the VTPPA were willful and each violation qualifies for special damages up to $5,000.

65. Plaintiff and the Class demand judgment against Marketpro for statutory damages, special damages, attorney fees and costs, and any other relief provided by law.

## **PRAYER FOR RELIEF**

Plaintiff Kevin Cavey prays for relief as follows:

a. Class certification under Rule 23 of the Federal Rules of Civil Procedure and appointment of the undersigned counsel as Class Counsel.

b. Damages in an amount to be determined at trial.

    c.      All damages and relief authorized by statute or law, including but not limited to attorney fees and costs.

    d.      Treble damages under the TCPA.

    e.      Special damages under the VTPPA up to $5,000 per violation.

    f.      Any other relief this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all claims so triable.

                Respectfully submitted,
                **KEVIN CAVEY**

                By: _/s/ Casey S. Nash_
                Kristi C. Kelly, VSB #72791
                Andrew J. Guzzo, VSB #82170
                Casey S. Nash, VSB #84261
                Kelly Guzzo, PLC
                3925 Chain Bridge Road, Suite 202
                Fairfax, VA 22030
                (703) 424-7572 – Telephone
                (703) 591-0167 – Facsimile
                Email: kkelly@kellyguzzo.com
                Email: aguzzo@kellyguzzo.com
                Email: casey@kellyguzzo.com